UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **KATHLEEN MCCLAIN, ET AL.** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO. 11-1388** |
| **UNITED STATES OF AMERICA, ET AL.** | * | **SECTION "L"(3)** |

### ORDER

The Court has pending before it the United States's motion to dismiss (Rec. Doc. 13). The Court has reviewed the briefs and the applicable law and now issues this Order and Reasons.

**I.    Background**

This is a civil action brought by the Plaintiffs, Kathleen McClain and Salvador Cavaretta, seeking death benefits allegedly owed to them as beneficiaries of a Federal Employees Group Life Insurance ("FEGLI") policy issued to their daughter, Kimberly Cavaretta, a federal employee.  Ms. Cavaretta, the decedent, was employed by the Federal Air Marshal Service under the umbrella of the Transportation Security Administration ("TSA").  As part of her employment, Ms. Cavaretta received a life insurance policy sponsored by the TSA.  Defendant Metropolitan Life Insurance Company ("MetLife") allegedly issued the policy, and Defendant Lockheed Martin Corporation ("Lockheed") was the Human Resource Service Center in charge of administering benefits under the policy.  The policy provided for coverage amounts of $541,800.

This case revolves around the beneficiary designation under the policy.  Ms. Cavaretta lived with a partner, Martha Ann Cordell.  Plaintiffs allege that from 2002 through 2007, the sole designated beneficiary of Ms. Cavaretta's life insurance policy was Martha Ann Cordell, her

partner.  In 2007, Ms. Cavaretta changed the beneficiary designation to name Ms. Cordell as a fifty-percent beneficiary and Brent Wayne Cordell, Ms. Cordell's adult son, as a fifty-percent beneficiary.  Plaintiffs allege that Ms. Cavaretta changed the beneficiary designation again on March 31, 2009, to remove Mr. Cordell and to name Ms. Cordell as 100% beneficiary, describing her relationship as "Partner."  Plaintiffs allege that Ms. Cavaretta faxed this new beneficiary designation to the TSA Human Resources Department.

Ms. Cordell died in a motor vehicle accident in January, 2010, predeceasing Ms. Cavaretta, who died seven months later died on July 15, 2010.  Shortly after their daughter's passing, Plaintiffs submitted forms to claim their daughter's retirement and life insurance benefits.  Plaintiffs allege that the Office of Personnel Management ("OPM"), as administrator of Ms. Cavaretta's retirement benefits, properly disbursed to them Ms. Cavaretta's retirement benefits.  However, they allege that Defendant MetLife erroneously paid the entire value of the life insurance policy to Mr. Cordell, who was not a named beneficiary in the 2009 beneficiary designation, when the benefits should have been paid to Plaintiffs as the default beneficiaries designated by 5 U.S.C. § 8705(a).

Plaintiffs filed suit against MetLife, Lockheed, and the United States.  As to MetLife and Lockheed, they allege breach of contract for paying the benefits to the wrong beneficiary; negligence for failing to accept Ms. Cavaretta's faxed change of beneficiary form or failing to inform her that a faxed form was not acceptable; and negligent failure to verify that Mr. Cordell was a proper beneficiary before paying him the life insurance benefits.  As to the United States, they allege negligence by the Office of Personnel Management or the Transportation Security Administration in failing to verify the proper beneficiary of the life insurance policy or failing to inform Ms. Cavaretta that her faxed designation form was insufficient, if in fact that was a

requirement.  As to MetLife, the TSA, and the OPM, they allege a state-law bad faith claim for failure to timely pay insurance benefits.   Defendants Lockheed and MetLife have answered, deny liability, and assert various affirmative defenses.

The United States has filed a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction.  The Government submits affidavits from employees with knowledge of the tort claims procedures and records of the OPM and TSA, who state that Plaintiffs have not filed administrative tort claims with those agencies.  Denial of an administrative claim is a jurisdictional prerequisite to suit under the Federal Tort Claims Act, and in the absence of compliance the Government has not waived sovereign immunity through the FTCA and the Court is without subject matter jurisdiction over the claim against the Government.

Plaintiffs respond that they have made claims with the TSA and OPM for Ms. Cavaretta's life insurance benefits, but have not received a definitive denial.  They submit copies of the claim forms they submitted for the life insurance benefits, as well as somewhat confusing letters from OPM apparently denying their claims for *retirement* benefits, which were in fact granted.

## II.    Law & Analysis

### A.    Burden of Proof

The party asserting subject matter jurisdiction bears the burden of proof opposing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1).  *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).  "A Rule 12(b)(1) motion should be granted only if it appears certain that the plaintiff cannot prove a plausible set of facts that establish subject-matter jurisdiction."  *Davis v. United States*, 597 F.3d 646, 649 (5th Cir. 2009) (quotation omitted). The Court may decide the jurisdictional question based on "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint

supplemented by undisputed facts plus the court's resolution of disputed facts." *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir.1996) (citations omitted). If the Court resolves disputed facts to decide if it has jurisdiction, "no presumptive truthfulness attaches to the plaintiff's allegations." *Montez v. Dep't of Navy*, 392 F.3d 147, 149 (5th Cir. 2004).

B.      **Federal Tort Claims Act and Administrative Exhaustion**

The United States is immune to suit, and the Court lacks subject matter jurisdiction, unless it has waived sovereign immunity as to the claims. The Federal Tort Claims Act is one such waiver, but it imposes conditions. For example, a plaintiff cannot file suit pursuant to the FTCA without having exhausted an administrative claim:

> ***An action shall not be instituted*** upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, ***unless the claimant shall have first presented the claim to the appropriate Federal agency*** and his claim shall have been denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section. ...

28 U.S.C. § 2675(a) (emphasis added); *see also Flory v. United States*, 138 F.3d 157, 159 (5th Cir. 1998) ("Presentment of a claim to the appropriate agency and denial of that claim by the agency ... are prerequisites to a tort suit brought against the United States."). If a plaintiff has not complied with that administrative exhaustion requirement, the FTCA does not constitute a waiver of sovereign immunity to the claim and the Court lacks jurisdiction.

The Fifth Circuit "has not required plaintiffs to specifically enumerate legal theories of recovery in their administrative claims." *Frantz v. United States*, 29 F.3d 222, 224 (5th Cir. 1994). Section 2675 will be satisfied "as long as a claim brings to the Government's attention

facts sufficient to enable it thoroughly to investigate its potential liability and to conduct settlement negotiations with the claimant." *Id.* (quoting *Rise v. United States*, 630 F.2d 1068, 1071 (5th Cir. 1980)).  Thus, "if the Government's investigation of [the plaintiffs'] claim should have revealed theories of liability other than those specifically enumerated therein, those theories can properly be considered part of the claim." *Id.*  Put another way, "'as long as the language of an administrative claim serves due notice that the agency should investigate the possibility of particular (potentially tortious) conduct and includes a specification of the damages sought, it fulfills the notice-of-claim requirement." *Estate of Trentadue ex rel. Aguilar v. United States*, 397 F.3d 840, 852 (5th Cir. 2005) (quoting *Dynamic Image Techs., Inc. v. United States*, 221 F.3d 34, 40 (1st Cir. 2000)).

The Government submits affidavits from Robert Grimes, the Claims Section Chief, Claims Management Branch of the Transportation Security Administration, and from Theresa N. Ankrah, Paralegal Specialist in the Compensation, Benefits, Products & Services Division, Office of the General Counsel, U.S. Office of Personnel Management.  Each is in charge of maintaining records related to FTCA claims filed with his or her respective agency.  Each states that they have no records of an administrative FTCA claim ever being filed by Plaintiffs.  On this basis, the Government argues that the administrative exhaustion requirement has not been fulfilled and that the Court accordingly lacks jurisdiction over the United States on grounds of sovereign immunity.

In response, Plaintiffs respond that they filed claims for life insurance death benefits with OPM and TSA and received letters in response denying claims.  Therefore, they argue that they have complied with the administrative exhaustion requirement.

The issue is whether Plaintiffs' submission of a claim for benefits as purported

beneficiaries of the decedent's life insurance policy is sufficient presentment of a claim under the FTCA.  The Fifth Circuit does not require that a claimant articulate every legal basis in an administrative claim before filing suit if it sufficiently flags the issue for the Government.  *Frantz*, 29 F.3d at 224.  But there is a substantial gap between the nature of the administrative claims the Plaintiffs filed and the tort claims they now assert in this case.  Plaintiffs submitted forms to the OPM and TSA seeking to be paid the benefits of an insurance policy pursuant to the terms of that policy.  Thus, they were seeking the value of the policy as named beneficiaries.  The tort claims they now seek to assert are different; the value of the policy has already been paid, and Plaintiffs allege that the Government should be required to pay to them the value of the policy due to the negligence of a federal employee in causing the funds to be paid to someone else.  It is a stretch to say that a claim as beneficiary of a life insurance contract also notifies the Government that, if someone else has been paid the policy benefits as beneficiary, as a fallback the Government is liable to the claimant on a tort theory.  In short, while Plaintiffs certainly presented administrative claims under the life insurance policy, they have not presented administrative *tort* claims to the Government for negligence in how it handled the insurance policy.

Accordingly, the Government's motion to dismiss is GRANTED.  Pursuant to the Plaintiffs' request, the Court will order this case stayed as to the remaining Defendants pending conclusion of the administrative claim process.  At that time, if necessary, Plaintiffs may take appropriate steps to assert a claim against the United States.  Additionally, as discussed at oral argument, Plaintiffs may take that opportunity to clarify whether they intend to pursue a claim pursuant to the Federal Employees Group Life Insurance Act (FEGLIA), 5 U.S.C. § 8715.  and that *See Metro. Life Ins. Co. v. Atkins*, 225 F.3d 510, 513 (5th Cir. 2000) ("It is clear, based on [5

U.S.C.] § 8715, that the United States has consented to be sued for any breach of legal duty owed by it under FEGLIA.").

### III.     Conclusion

Accordingly, for the foregoing reasons, IT IS ORDERED that the United States's motion to dismiss (Rec. Doc. 13) is GRANTED and the United States is DISMISSED WITHOUT PREJUDICE.  IT IS FURTHER ORDERED that this civil action is STAYED until further Order of the Court.

New Orleans, Louisiana, this 16th day of December, 2011.

_____
UNITED STATES DISTRICT JUDGE