UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KATHLEEN MCCLAIN, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 11-1388** |
| **UNITED STATES, ET AL.** | **SECTION "L" (3)** |

## ORDER & REASONS

Before the Court are objections filed by both the Plaintiff-in-Intervention Darla D'Amico and Defendant-in-Intervention Frank J. D'Amico, Sr. to the Magistrate Judge's Report and Recommendation regarding their cross-motions for summary judgment and Plaintiff-in-intervention's motions to strike. (Rec. Doc. 232). The Magistrate Judge recommends that each motion for summary judgment be denied in part and granted in part, and recommends that the motions to strike be granted. Having considered the applicable law and the parties' briefs, the Court now issues this order and reasons.

## I.   BACKGROUND

The underlying complaint in this intervention action involves a dispute over the life insurance proceeds due to Kathleen McClain and Salvador Cavaretta as the parents and heirs of the now-deceased Kimberly Cavaretta. The parties in that action have settled. The parties in intervention, Frank J. D'Amico, Sr. and Darla D'Amico, worked as plaintiffs' counsel on the case. At the outset of representation, Darla worked for Frank's law firm; however, during the pendency of the litigation, Frank fired Darla. On February 4, 2014, Darla filed a complaint in intervention in which she seeks a share of the attorney's fees in the case. (Rec. Doc. 125). By order of this court, these fees are held in escrow pending the outcome of this intervention action.

(Rec. Doc. 193). This Court referred the intervention action to the Magistrate Judge for a report and recommendation on March 19, 2014.

The parties filed cross-motions for summary judgment on the intervention action. Darla's motion alleges that she is entitled, at a minimum, to 50 percent of the attorney's fees in the case, under the theory that she and Frank had a joint venture under Louisiana law. (Rec. Doc. 194). Frank's motion alleges that Darla did not act as an attorney in the matter, and is therefore not entitled to collect any portion of the fee. (Rec. Doc. 195). Darla also filed three motions to strike in the matter, seeking to strike portions of Frank's pleadings from the record. (Rec. Docs. 214, 223, and 225).

Upon review of these motions, the Magistrate recommends that each motion for summary judgment be granted in part and denied in part, resulting in a 50-50 disbursement of the attorney's fees to Frank and Darla, with Darla's share reduced to compensate for costs. The Magistrate recommends that the Motions to Strike be granted.

**II.    PRESENT MOTIONS**

Pursuant to Federal Rule of Civil Procedure 72(b), both Frank and Darla filed objections to the Magistrate's recommended allocation of the attorneys' fees in this case. Darla first objects to the award of certain litigation costs to Frank, alleging that he has already been compensated for these costs. (Rec. Doc. 233). Alternatively, she argues that the Magistrate Judge made a mathematical error in calculating the costs, and they should be reduced accordingly. (Rec. Doc. 233).

Frank also filed objections to the Report and Recommendations, objection to both allocating any portion of the fees to Darla and granting the motions to strike. (Rec. Doc. 234). With regard to the allocation of fees, Frank reiterates his arguments, presented to the Magistrate,

that he performed the majority of the work on the case and therefore should receive the attorney's fees, to the exclusion of Darla. With regard to the motions to strike, Frank argues that all the arguments made in his filings were directly relevant to accusations made by Darla in her own filings. Though Frank's objections were filed past the fourteen-day deadline, and the Court could deny them for that reason alone, the Courts finds no prejudice to Darla in proceeding to the merits, as explained below.

### III.     LAW & ANALYSIS

#### A.     Standard

"The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(2). The district judge has the discretion to "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). Though district judges may refer dispositive motions to magistrate judges, the district judge retains the ultimate decision making authority. *Freeman v. Cnty. of Bexar*, 142 F.3d 848, 851 (5th Cir. 1998). This *de novo* review does not mean, however, that the district judge must treat an objected-to magistrate report and recommendations as though it never happened. Rather, the Fifth Circuit has noted that "the district court should not be compelled to ignore that the parties had a full and fair opportunity to present their best evidence to the magistrate judge." *Id.* at 852. "The best description of the district court's discretion is that it should be at least as broad as that conferred on the district court to determine motions for reconsideration of its own rulings." *Id.*

#### B. Motions to Strike

In his objections, Frank argues that "all arguments by Frank J. D'Amico were in direct response to the scurrilous accusations attacking Frank J. D'Amico." (Rec. Doc. 234). Frank does

not, however, raise any new arguments in opposition to the motions to strike. As noted in the Magistrate's Report and Recommendation, pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, a court has the discretion to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The Court agrees with the Magistrate's findings on this issue; namely that the challenged portions of Frank's pleadings are immaterial, impertinent and scandalous with regard to the attorney's fees issue in this specific case. These allegations are unsupported and ultimately have no bearing on the allocation of attorney's fees at issue. Accordingly, in agreement with the Magistrate's Report and Recommendation, the Court strikes the following:

(1) Doc. 199: Page 1, paragraphs 2 and 3

       Pages 2 and 3

       Page 4, paragraphs 1-4

(2) Doc. 210: Page 3, paragraph 1

(3) Doc. 216: Pages 3-6

(4) Doc. 220-2 Page 2, paragraphs 3-6

       Pages 3, 4, 6-8

**C. Motions for Summary Judgment**

With regard to the motions for summary judgment, the Court largely agrees with the findings of the Magistrate, and determines that a 50-50 split of the attorneys' fees is appropriate, less an offset for costs requested by Frank. Though both Frank and Darla objected to this proposed allocation of fees, the Court finds that an even split is equitable in light of the factors propounded in *Saucier v. Hayes Dairy Products, Inc.*, as discussed by the Magistrate. 373 So. 2d 102 (La. 1978). Frank's objections to the report and recommendation do not raise any new

arguments in opposition to this division of fees. These arguments have already been considered by the Magistrate Judge, and the Court agrees with those findings. The evidence indicates that Darla was a party to a contingency contract with both of the underlying plaintiff, and that both Frank and Darla actively represented the underlying plaintiffs by drafting pleadings and correspondence, attending settlement conferences, and attending the pre-trial conference.

Darla also objects to the magistrate's recommended award of costs. The Court finds that the objection regarding costs has some merit. Though Darla's objection to *any* allocation of costs against her is without merit, she is correct in noting that Frank's offset should be adjusted. Frank requests an offset of costs in the amount of $4,491.19. The Magistrate correctly noted that this amount should be reduced to account for Westlaw research and postage, which are non-reimbursable costs. Subtracting Westlaw costs of $2,696.06 and postage costs of $649.56, the Court finds that Frank is entitled to an offset of **$1,145.57** against Darla's 50 percent of the attorneys' fees. The Court therefore adopts the recommendation of the Magistrate, with the above noted modification to Frank's offset for costs.

IV.   **CONCLUSION**

For the forgoing reasons, **IT IS ORDERED** that Plaintiff-in-Intervention's Motion to Strike and/or in the Alternative Motion in Limine (Rec. Doc. 214), Second Motion to Strike and / or in the Alternative Motion in Limine on Behalf of Darla D'Amico (Rec. Doc. 223), and the Third Motion to Strike and / or in the Alternative Motion in Limine on Behalf of Darla D'Amico are **GRANTED**.

**IT IS FURTHER ORDERED** that both the Motion for Summary Judgment on Behalf of Darla L. D'Amico (Rec. Doc. 194) and Defendant-in-Intervention's Motion for Summary Judgment (Rec. Doc. 195) are **GRANTED IN PART** and **DENIED IN PART**, as outlined

above. The attorney's fees shall be evenly divided between the parties, subject to an offset against Plaintiff-in-Intervention and in favor of Defendant-in-intervention in the amount of $1,145.57.

      New Orleans, Louisiana this 23rd day of January, 2015.

                                                *Eldon E. Fallon*
                                    UNITED STATES DISTRICT JUDGE