UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**KATHLEEN MCCLAIN, ET AL.** | **CIVIL ACTION**

**VERSUS** | **NO. 11-1388**

**UNITED STATES, ET AL.** | **SECTION "L" (3)**

## ORDER & REASONS

Before the Court is a motion for sanctions from Plaintiff-in-Intervention Darla D'Amico ("Darla") against Darla's father, Defendant-in-Intervention Frank J. D'Amico, Sr. ("Frank") (Rec. Doc. 243). Darla argues that the Court's striking of Frank's pleadings as scandalous justifies Rule 11 sanctions. She requests attorneys' fees as sanctions, arguing that she directly incurred them as a result of Frank's scandalous pleadings. Frank opposes, arguing that sanctions here are procedurally barred and substantively inappropriate. (Rec. Doc. 244).

The Court will deny Darla's motion for sanctions. Under Fifth Circuit law, the district court must make a specific finding that the attorney acted in "bad faith" in order to impose Rule 11 sanctions. *Elliott v. Tilton*, 64 F.3d 213, 217 (5th Cir. 1995); s*ee also Phillips v. Parrish*, 31 F. App'x 159 (5th Cir. 2001) (remanding where the lower court failed to make a finding of bad faith).  In *Elliott*, the Fifth Circuit explained that the attorney's disingenuous and misleading representations to the court did not justify Rule 11 sanctions without a specific finding that the attorney acted in bad faith. Here, the stricken pleadings notwithstanding, the Court has not found that Frank acted in bad faith. Moreover, Darla has not demonstrated compliance with Rule 11's twenty-one day "safe harbor" rule. Fed. R. Civ. Pro. 11(c)(2); *Elliott*, 64 F.3d at 216. Therefore, the Court declines to impose any sanction.

Accordingly, **IT IS ORDERED** that Darla's motion for sanctions is **DENIED**.

New Orleans, Louisiana, this 28th day of May, 2015.

_____
UNITED STATES DISTRICT JUDGE